SPRING 1811.
First District.

TERRITORY
*vs.*
McFARLANE.

formation of the forgery to a justice of the peace, in order that a prosecution might be instituted : but the court, after hearing argument, declared the testimony inadmissible saying ; a man could not fabricate evidence for himself.

THE jury not agreing on a verdict, a mistrial took place by consent, and the governor ordered a *nolle prosequi* to be entered.

---

### TERRITORY vs. M^c FARLANE.

Bail denied on indictment for murder.

THE defendant, being charged with murder, was brought before one of the judges of this court at his chambers, who thinking the presumption of his guilt but slight, was willing to bail him. It being late in the night, the defendant found it impossible to procure bail and was committed. At the opening of the court on the next day, the grand jury brought in a bill of indictment, charging the defendant with murder. He prayed to be admited to bail. His motion was opposed by the attorney general, who relied on the case of *the Territory* vs. *Benoit, ante,* p. 142.

*Ellery,* in support of the motion. This court, being the superior court of the territory, and having common law jurisdiction, has necessarily the same power as the Court of King's Bench in England.

THE Court of King's Bench may, *virtute offi-*

*cii* bail any person brought before them, of what nature soever the crime is, even for treason or murder. 2. *Hale's P. C.* 148. And this bail- ment may be upon *original indictment* before them in the county where they sit, or upon *indictment removed* by *certiorari*, or upon a prisoner removed by *Habeas Corpus*, before or after indictment taken. *id.* 129.

*By the Court.* When the grand jury find a bill for a capital offence, the party charged lies, from the finding alone, under such a violent suspicion of guilt, that the court will instantly commit him, if he be present, or direct a capias against him ; and as the trial, in the ordinary course, is not long delayed, it is the practice of the court not to lend its ear to a motion for bail.

This is the general rule. We will not say that it may not have its exceptions. As, if the party, charged to have been murdered, were to make his appearance in court.

In case of a mistrial or of a continuance, at the instance of the territory, as the confinement may be extended to a considerable length, there would be no impropriety in listening to a motion to bail ; but when the attorney-general is ready for trial, the court, except in a very extraordinary case, will not admit the application.

But in all these cases the bailing is in the discretion of the court, and none can challenge it *de jure. Hale's P. C. loco citato.*

Ee

SPRING 1811.    By the ordinance of Congress which is the
First District.
constitution of this territory, bail is to be taken,
TERRITORY    unless for capital offences where the proof shall
*vs.*
McFARLANE.   be evident or the *presumption great. Art. 2.*

In the present case there are circumstances
which seem to preclude the defendant from the
indulgence he requests.   It appears one McBride
was beaten with a stick by one Byrns, of which
beating he afterwards died, and that the defen-
dants tood by, encouraging Byrns to beat the de-
ceased well.—That Byrns and the defendant were
gamblers, and the deceased had given such in-
formation to a magistrate, upon which they had
been arrested.   It did not appear whether Byrns'
anger proceeded from any outrageous behav-
iour of the deceased on an encounter, or from an
irritation excited in him and the defendant, by
the prosecution which the deceased had provok-
ed.   Now the grand jury have brought bills
against Byrns and the defendant, charging them
with murder.

The defendant has clearly, and from his own
admission, participated at least, in an aggravated
battery, from which death has ensued.   If his
offence is reduced by the petit jury to man-
slaughter or battery, the court will, in fixing the
time of his imprisonment, give him the benefit
of any extenuating circumstances which may
appear at the trial.

The rule laid down, in *Benoit's* case, is, it is

'believed, a correct one. It will not, however, be
rigidly extended, to cases in which the defend-
ant has not the benefit of a trial, during the term,
in which the indictment is found, when the
continuance is not granted, at his solicitation.

### MOTION OVERRULED.